IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFFORD PERCELL,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTA COURIER,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:16-CV-1333-TWT-JKL |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

This is an employment discrimination case. The case is presently before the Court on Defendant's Motion to Dismiss. [Doc. 3.] For the reasons stated below, I **RECOMMEND** that Defendant's Motion to Dismiss be **DENIED**.

**I.    BACKGROUND**

Plaintiff Clifford Percell, who is proceeding *pro se*, filed this action on April 24, 2016, against Defendant Atlanta Courier, alleging that he was discriminated against on the basis of national origin and age in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans With Disabilities Act ("ADA"). [Doc. 1 at 1, 2, & 6.] Plaintiff also alleges that he was retaliated against for either participating in an EEOC

1

investigation or opposing an unspecified practice of the Defendant that he believed violated federal anti-discrimination laws. [*Id.* at 6.]

On May 19, 2016, Defendant filed its motion to dismiss. Defendant principally argues that Plaintiff's complaint should be dismissed for insufficient process and insufficient service of process pursuant to Rules 4 and 12(b) of the Federal Rules of Civil Procedure. [Doc. 3-1 at 3-4.] Defendant asserts that on April 29, 2016, a sealed envelope was hand-delivered to Defendant's Driver Manager, Reginald Peoples, at the front window in Defendant's office reception area. (Aff. of Bryan Hill [Doc. 3-2] ¶ 4.) Mr. Peoples delivered the sealed envelope to Defendant's Human Resources Director, Bryan Hill, who opened the envelope and found only a summons enclosed. (*Id.*) Mr. Hill then contacted the office of the Clerk of Court to request a copy of the Complaint. (*Id.* ¶ 5.) The Clerk's office told him that Plaintiff was responsible for delivering the Complaint to Defendant. (*Id.*) Mr. Hill then contacted Plaintiff and requested a copy of the Complaint from Plaintiff. (*Id.*) Plaintiff responded that the Court is responsible for providing a copy of the Complaint but stated that he would look into the matter. (*Id.*) As of the filing of Defendant's Motion to Dismiss, Plaintiff had not provided a copy of the Complaint to Defendant. (*Id.*) A review of the docket also reveals that no proof of service has been filed with the court, as required by Rule 4 (*l*)(1).

Defendant also argues that the Complaint must be dismissed with prejudice as to the ADEA, ADA, and retaliation claims because Plaintiff did not raise those claims before the EEOC, and, therefore, those claims have not been administratively exhausted. [Doc. 3-1 at 5-6.]

Plaintiff did not file a response to Defendant's motion. Although the Court may deem a party's failure to respond to a motion as indicating that the party does not oppose the motion, given Plaintiff's status as a *pro se* litigant, I have considered the merits of Defendant's motion. *See* LR 7.1B, NDGa. (providing that failure to respond to a motion shall indicate no opposition thereto).

## II. DISCUSSION

Defendant moves to dismiss the Complaint for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5). For the following reasons, I agree that Plaintiff has failed to properly serve Defendant; however, I also conclude that before the Court dismisses the Complaint, the Court should exercise its discretion and permit Plaintiff an opportunity to properly serve Defendant.

"'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served.'" *Pelmore v. Pinestate Mortg. Corp.*, No. 1:09-CV-2313-TWT, 2010 WL 520767, at *2 (N.D.

Ga. Feb. 8, 2010) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). An individual or entity "'is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (alterations in original) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)) (affirming grant of motion to dismiss for insufficient service of process). Where, as here, a party raises a sufficiency-of-process defense, the Court may not reach any merits defense before first addressing the objection to sufficiency of service of process. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182-83 (11th Cir. 2007) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

The Federal Rules of Civil Procedure require a plaintiff to properly serve a defendant with both a summons ***and a copy of the complaint*** within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Rule 4(m) requires the plaintiff to effect service upon the defendant within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to properly serve the defendant within the 90-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the

action without prejudice, . . . or order that service be effected within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  The Eleventh Circuit has explained that "good cause" for failure to timely make proper service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Lepone-Dempsey v. Carroll Cty. Bd. of Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original) (internal quotation marks omitted).  But even absent a showing of good cause, the Court has the discretion to extend the time for service of process, for example, when the applicable statute of limitations would otherwise preclude a plaintiff's claim.  *Id.* (citing Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendments); *see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005).

    Here, Defendant moves to dismiss the Complaint under Rule 12(b)(4) for insufficient process because it was not served with a true and correct copy of the Complaint that was filed in this action.  Defendant further moves to dismiss the Complaint under Rule 12(b)(5) for insufficiency of service of process because (1) the Complaint has never been delivered to Defendant by a process server or other person authorized to accomplish service, and (2) the delivery of the summons was

5

made to an employee of the Defendant who is neither an officer, nor a managing or general agent, nor the registered agent, nor in any other category of employee authorized by Georgia law to receive service.

The distinction between Rules 12(b)(4) and 12(b)(5) is set forth below:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.

5B Alan Wright & Arthur Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004) (footnotes omitted). Based upon this distinction, Rule 12(b)(5) is the applicable rule for determining whether the Complaint here should be dismissed for insufficient service of process.

When addressing the sufficiency of service under Rule 12(b)(5), courts have held that "the serving party . . . bears the burden of proof with regard to the validity of service." *Pelmore*, 2010 WL 520767, at *2 (alteration in original) (quoting *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009); *Profit v. Americold Logistics, LLC*, 248 F.R.D. 293, 296 (N.D. Ga. 2008)). If the defendant was not properly served under the controlling substantive law, "the

plaintiff's complaint is subject to dismissal pursuant to Rule 12(b)(5)." *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 96 F.R.D. 175, 178 (S.D. Ga. 1982).

Because Rule 4(c)(1) requires the plaintiff to serve a summons with a copy of the complaint, service omitting either the summons or the complaint is improper. Fed. R. Civ. P. 4(c)(1). The Eleventh Circuit has held that service of process lacking a copy of the complaint is technically deficient, and, even where the plaintiff is proceeding *pro se*, the action is subject to dismissal. *Albra*, 490 F.3d at 829 (mailing a copy of the summons without attaching a copy of the complaint did not comply with Rule 4(c), and dismissal of claims against a defendant was warranted). Additionally, "[a] defendant's actual notice [of the complaint] is not sufficient to cure defectively executed service." *Id.*

The record establishes that Plaintiff has failed to effect proper service on Defendant. Defendant has come forward with unrebutted, sworn testimony that it received the summons unaccompanied by a copy of the Complaint. (*See* Hill Aff. ¶¶ 4-5.) The docket also reflects that the Complaint in this case was filed on April 24, 2016, and no proof of service has been filed indicating that service was properly made within the 90-day period set out in Rule 4(m). Accordingly, I conclude that Plaintiff has not properly or timely served Defendant.

Having concluded that service was insufficient, I must determine whether (1) plaintiff has shown good cause for failing to timely serve Defendant and, if not, (2) whether a permissive extension of time is warranted under the circumstances of this case. Regarding the first inquiry, Plaintiff has made no showing to suggest good cause exists for failing to timely serve Defendant. The filing of Defendant's motion to dismiss Plaintiff's Complaint for insufficient service of process put Plaintiff on notice of the alleged defects in service, yet Plaintiff has made no attempt to re-serve Defendant or seek leave of court to extend the time to serve Defendant. In fact, Plaintiff has not even responded to the Motion to Dismiss, much less offer an explanation as to why he failed to serve Defendant. Accordingly, I find that Plaintiff has failed to show good cause for failing to timely serve Defendant within the 90-day period set forth in Rule 4(m).

Nonetheless, under the circumstances of this case, I conclude that the Court should exercise its discretion to extend the time for Plaintiff to properly serve Defendant. As noted above, this is an employment discrimination case, and it appears from the record that the EEOC mailed its right-to-sue letter underlying the claims in this case on February 10, 2016. [Doc. 3-2 at 7.] The limitations period for asserting such claims in federal court is 90 days of the employee's receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). As more than 90 days have

elapsed since the EEOC issued its right-to-sue letter, a dismissal without prejudice could be tantamount to a dismissal with prejudice because Plaintiff may be barred from refiling his claims. *See Horenkamp*, 402 F.3d at 1133 (granting extension of time to serve because dismissal without prejudice would bar plaintiff's claim under applicable limitations period).  Moreover, Plaintiff is proceeding *pro se*; thus, it is appropriate to provide some leniency to him, especially absent a showing of prejudice to Defendant.  Accordingly, it is appropriate to give him an opportunity to properly serve Defendant.[1]

Accordingly, the time for Plaintiff to effect service of process on Defendant in compliance with Rule 4 will be extended through and including **AUGUST 15, 2016.**  Plaintiff is further **ORDERED** to file proof of service on or before

---

[1] Defendant also argues that service of process was improper because Mr. Peoples is not authorized to receive service on behalf of Defendant and service was made by someone who was not authorized to accomplish service.  Because Defendant does not submit competent evidence to support its contentions, I cannot determine on the present record whether Mr. Peoples had authority to receive service of process, nor can I tell who attempted service.  But I need not reach the merits of that argument since Plaintiff indisputably failed to serve Defendant with a copy of the complaint with the summons as required by Rule 4(c)(1), and dismissal is warranted on that basis alone.  In addition, because Plaintiff has not yet served Defendant properly, I cannot address—and I have not considered—Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6). *Jackson*, 259 F. App'x at 182–83.  In the event that Plaintiff serves Defendant with the summons and Complaint, Defendant may re-assert its arguments under Rule 12(b)(6).

**AUGUST 22, 2016.** If Plaintiff fails to file proof of service, he is **ORDERED** to show cause in writing on or before **AUGUST 22, 2016**, why this case should not be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3.

Finally, because the Court is extending the time for Plaintiff to properly serve Defendant, I **RECOMMEND** that Defendant's Motion to Dismiss be **DENIED** at this time. I further **RECOMMEND** that the denial of the Motion be without prejudice to the Defendant to file another motion to dismiss in the future. In the event that Plaintiff fails to properly serve Defendant with the summons and Complaint within the time period stated herein, Defendant may file another motion requesting dismissal on the ground of failure of service. Likewise, if Plaintiff serves properly Defendant with the summons and Complaint within the time period stated herein, Defendant shall be entitled to respond to the Plaintiff's Complaint, including filing another motion to dismiss, in accordance with the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For the foregoing reasons, the Court **EXTENDS** the time for Plaintiff to effect service of process on Defendant in compliance with Rule 4 through and

including **AUGUST 15, 2016.** Thereafter, Plaintiff is **ORDERED** to file proof of service on or before **AUGUST 22, 2016**, or alternatively, to show cause in writing why this case should not be dismissed for lack of service and want of prosecution. **Plaintiff is advised that a failure to comply with this Order may result in a dismissal of this action. See LR 41.3(A)(2), NDGa.**

Because the time for Plaintiff to properly serve Defendant has been extended, I **RECOMMEND** that Defendant's Motion to Dismiss [Doc. 3] be **DENIED**.

IT IS SO ORDERED AND RECOMMENDED this 25th day of July, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge